Jeffrey L. Cutler (CA Bar No.100639)
email: jcutler@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
email:   erosenfeld@wkclegal.com
Marie J. Skinner [CA SBN 291532]
e-Mail: mskinner@wkclegal.com
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Tel:  (818) 501-8030 ext. 313; Fax:  (818) 501-5306

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING VACATION AND HOLIDAY TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING CONTRACT ADMINISTRATION TRUST FUND, AND THE BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION FUND; and RESILIENT FLOOR AND DECORATIVE COVERING LOCAL UNION NO. 1247,<br><br>                  Plaintiffs,<br>v.<br><br>EZRA SAMPSON ORTEGA, aka EZRA S. ORTEGA, aka EZRA ORTEGA individually and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, aka THE | CASE NO.<br><br>**COMPLAINT**<br><br>1.   **Breach of Contract;**<br><br>2.   **Violation of ERISA;**<br><br>3.   **Specific Performance to Compel Audit** |

| | |
|---|---|
| 1 | GENERAL FLOOR PREP & INSTALLATION CO., a partnership; ANNETTE ORTEGA, individually and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY aka THE GENERAL FLOOR PREP & INSTALLATION CO., a partnership; THE GENERAL FLOOR PREP & INSTALLATION COMPANY, aka THE GENERAL FLOOR PREP & INSTALLATION CO., a partnership; GENERAL PREP AND INSTALLATION, INC., a suspended California corporation; GENERAL FLOOR PREP AND INSTALLATION, a California corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Defendants. |

Plaintiffs allege as follows:

## JURISDICTION

1. This is a civil action for breach of contract, violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)], and for specific performance. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act ("LMRA"), as amended [29 U.S.C. §185], and Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)].

## VENUE

2. Venue in this district is proper under Section 502(e)(2) of ERISA, in that this is the district in which Plaintiff Trust Funds are administered and where the breaches described herein took place.

## PARTIES

3. Plaintiffs The Boards of Trustees (collectively "Trustees") are fiduciaries of the Southern California Floor Covering Pension Fund, the Southern California Floor Covering Health and Welfare Trust Fund, the Southern California Floor Covering Apprenticeship and Training Trust Fund, the Southern California Floor Covering Vacation and Holiday Trust Fund, the Southern California Floor

1  Covering Contract Administration Trust Fund and the Painters and Allied Trades
2  Labor Management Cooperation Fund (collectively "SCFCTF" or "Trust Funds").
3  The SCFCTF are employee benefit plans within the meaning of Section 3(3) of
4  ERISA [29 U.S.C. § 1002(3)], multiemployer plans within the meaning of
5  Section 3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)], and express trusts in
6  compliance with Section 302 of the LMRA [29 U.S.C. § 186]. The Trustees of the
7  SCFCTF bring this lawsuit for and on behalf of the trust funds to enforce Section
8  515 of ERISA [29 U.S.C. § 1145], to redress violations and to obtain other
9  appropriate legal and equitable relief.

10   4.   Plaintiff RESILIENT FLOOR AND DECORATIVE COVERING
11  LOCAL UNION NO. 1247 ("Union") is a labor organization within the meaning
12  of Section 301 of the LMRA [29 U.S.C. § 185(a)], and an "employee
13  organization" within the meaning of Section 3(4) of ERISA [29 U.S.C. § 1002(4)].
14  Plaintiffs Board of Trustees and Union shall be collectively referred to hereinafter
15  as "Plaintiffs."

16   5.   Plaintiffs are informed and believe, and thereon allege, that at all
17  times relevant herein, Defendant EZRA SAMPSON ORTEGA, aka EZRA S.
18  ORTEGA, aka EZRA ORTEGA (herein "EZRA ORTEGA") is an individual and
19  an employer within the meaning of 29 U.S.C. §1002(5), doing business within this
20  judicial district as THE GENERAL FLOOR PREP & INSTALLATION
21  COMPANY, aka THE GENERAL FLOOR PREP & INSTALLATION CO., a
22  partnership.

23   6.   Plaintiffs are informed and believe, and thereon allege, that at all
24  times relevant herein, Defendant ANNETTE ORTEGA is an individual and an
25  employer within the meaning of 29 U.S.C. §1002(5), doing business within this
26  judicial district as THE GENERAL FLOOR PREP & INSTALLATION
27  COMPANY, aka THE GENERAL FLOOR PREP & INSTALLATION CO., a
28  partnership.

7. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, Defendant THE GENERAL FLOOR PREP & INSTALLATION COMPANY, aka THE GENERAL FLOOR PREP & INSTALLATION CO. (herein "GENERAL FLOOR") is a general partnership existing under and by virtue of the laws of the State of California, and an employer within the meaning of 29 U.S.C. §1002(5), doing business within this judicial district.

8. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein, Defendant GENERAL PREP AND INSTALLATION, INC. (herein "GENERAL PREP"), was a California corporation, and an employer within the meaning of 29 U.S.C. §1002(5), conducting business within this judicial district. Upon information and belief, GENERAL PREP was suspended by the California Franchise Tax Board for failure to meet tax requirements.

9. Plaintiffs are informed and believe and thereon allege that Defendants GENERAL FLOOR and GENERAL PREP are a single employer and/ or alter egos in that both GENERAL FLOOR and GENERAL PREP maintained a single identity in operation, shared common management, contact information, owners, facilities, customers, suppliers, equipment, business purposes, supervisors and/or employees; the assets and personalities of GENERAL FLOOR and GENERAL PREP are indistinct and a unity of interest is maintained between each of them; GENERAL PREP is a disguised form of GENERAL FLOOR and was established and/or operated as an artifice for the avoidance of the obligations imposed upon GENERAL FLOOR under the MLA and Trust Agreements. As an alter ego of, or single employer with GENERAL FLOOR, Defendant GENERAL PREP is a party to and bound by the MLA and Trust Agreements to which GENERAL FLOOR is bound, and liable for all obligations thereunder.

10. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, Defendant GENERAL FLOOR PREP AND

INSTALLATION (herein "GFPI") was and is a California corporation, and an employer within the meaning of 29 U.S.C. §1002(5) conducting business within this judicial district.

11. Plaintiffs are informed and believe and thereon allege that Defendants GENERAL FLOOR and GFPI are a single employer and/ or alter egos in that both GENERAL FLOOR and GFPI maintained a single identity in operation, shared common management, contact information, owners, facilities, customers, suppliers, equipment, business purposes, supervisors and/or employees; the assets and personalities of GENERAL FLOOR and GFPI are indistinct and a unity of interest is maintained between each of them; GFPI is a disguised form of GENERAL FLOOR and was established and/or operated as an artifice for the avoidance of the obligations imposed upon GENERAL FLOOR under the MLA and Trust Agreements. As an alter ego of, or single employer with GENERAL FLOOR, Defendant GFPI is a party to and bound by the MLA and Trust Agreements to which GENERAL FLOOR is bound, and liable for all obligations thereunder.

## **GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

12. The SCFCTF were established through collective bargaining between the Floor Covering Association of Southern California, Inc. ("Association"), and individual employers who are not members of the Association, and Resilient Floor and Decorative Covering Local Union No. 1247 of the International Union of Painters and Allied Trades ("Local 1247"). The Trust Funds are governed by their respective Agreements and Declarations of Trust ("Trust Agreements"), and funded by Employers who are parties to collective bargaining agreements and who agree to make contributions to the Trust Funds on behalf of employees performing covered work.

### **Master Labor Agreement**

13. At all times relevant herein, Defendants EZRA ORTEGA,

ANNETTE ORTEGA, and GENERAL FLOOR have been signatory to the Master Labor Agreement as Amended Between Floor Covering Association of Southern California and Painters and Allied Trades District Council No. 36 of the International Union of Painters and Allied Trades, AFL-CIO-CLC on Behalf of Resilient Floor and Decorative Covering Local Union No. 1247 (hereinafter "MLA"). A true and correct copy of an excerpt of the MLA containing terms and conditions relevant to this action is attached hereto as Exhibit "1," and is incorporated herein by this reference.

14. The MLA requires signatory Employers to make contributions to the SCPTF for each hour of covered work performed by employees, at the rates established therein. As party to the MLA, Defendants acknowledged and agreed to be bound to the terms and conditions of the Trust Agreements and the collection policies and procedures implemented by the Trustees of the SCFCTF, including the Audit and Collection Policies and Procedures ("Delinquency Procedures"), and to any amendments thereto or modifications thereof.

15. The MLA has been in full force and effect at all times material to this action.

## Trust Agreements and Delinquency Procedures

16. The Trust Agreements and Delinquency Procedures obligate employers to promptly file written trust fund reports ("Employer Reports") and make monthly contributions to the SCFCTF for each hour of covered work performed by employees. The Employer Reports and contributions to the Trust Funds are deemed delinquent if not delivered by the twentieth (20th) day of the calendar month following the month in which the employees worked.

17. The Trust Agreements and the Delinquency Procedures obligate employers to pay liquidated damages in the event of a delinquency. The Delinquency Procedures provide that liquidated damages are intended to reflect the harm caused and to reasonably forecast just compensation for the harm caused,

such as the actual increase in administrative costs and/or the loss of investment interest or other damage to the Trust Funds caused by the employer's delay in payment or failure to pay contributions. Liquidated damages are assessed against a delinquent employer, as damages and not as a penalty, as follows: (1) Twenty-Five Dollars ($25.00) or two percent (2%) of the delinquent contributions, whichever amount is greater, shall be assessed against each Delinquent employer who issues a check with insufficient funds ("NSF check") or whose contribution and report form are received after the 20th day but before the 25th day of the month following the month in which the hours were worked; (2) Two Hundred Dollars ($200) or ten percent (10%) of the delinquent contribution, whichever amount is greater, shall be assessed against each delinquent employer who issues a NSF check or whose contribution and report form are received after the 25th day of the month following the month in which the hours were worked; (3) Five Hundred Dollars ($500.00) or twenty percent (20%) of the delinquent contribution, whichever amount is greater, shall be assessed against the delinquent employer if the Board of Trustees take legal action against the delinquent employer to collect the Delinquent Contributions.

18. The Trust Agreements and Delinquency Procedures obligate each employer to pay interest on all delinquent contributions at the rate of ten percent (10%) per annum from contribution due dates until paid in full.

19. The Trust Agreements and Delinquency Procedures provide that in the event contributions become delinquent, the damages recoverable by the Trust Funds include any and all costs incurred by the Trust Funds in collecting the delinquent contributions, including, but not limited to, accountant's and audit fees, costs of attachment, execution, bond, receivers, and all attorneys' fees and costs incurred during all phases of collection, including those attorneys' fees incurred by the Trust Funds before, during and/or after the filing of a lawsuit.

20. The Trust Agreements and Delinquency Procedures also provide that

COMPLAINT

the Trustees may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations. If an Employer fails to fully cooperate in the audit process, the Trust Agreements and Delinquency Procedures provide that the matter will be referred to Legal Counsel, and the employer shall pay the Trust Funds' attorneys' fees and court costs incurred in any legal proceeding instituted to compel the audit of the Employer's records. If a payroll audit discloses an underpayment of contributions, The Trust Agreement and Delinquency Procedures require the Employer to pay interest from the date contributions were due to the date contributions are paid, liquidated damages, and the cost of the audit. Audit costs shall also be owed where the Employer failed to cooperate in the audit process, regardless of whether contributions are determined to be owed, or failed to submit accurate reports for the period under review.

21. The Trust Agreements and Delinquency Procedures have been in full force and effect at all times material to this action.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

### (Against All Defendants)

22. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendants have employed workers covered by the provisions of the MLA, who performed covered work and labor undertaken by Defendants during the time the MLA in full force and effect.

24. Defendants breached the MLA, Trust Agreements and Delinquency Procedures by, among other acts, failing to submit Employer Reports and contributions, submitting late Employer Reports and payments, underreporting and failing to pay contributions due, submitting Employer Reports without

-8-
COMPLAINT

payment of contributions, and failing and refusing to cooperate in the audit process, as follows:

    A.    Defendants have refused Plaintiffs' demand for an audit of its books and records for the period of July 1, 2017 through July 31, 2018, in order to ascertain hours worked and contributions owed for covered work performed pursuant to the terms of the MLA. Defendants made available some of the records required to complete the audit, but have failed and refused Plaintiffs' repeated demands for a full audit;

    B.    Defendants submitted Employer Reports to SCFCTF for the months of February and November 2018, but failed to pay the full amount of contributions due thereunder. As a result, Defendants are liable for contributions in the amount of $13,937.03, together with liquidated damages and interest from the date the contributions were due until the date they are paid;

    C.    Defendants failed to report all hours worked by covered employees in the month of August 2018, as disclosed by a check stub audit. As a result, Defendants are liable for contributions in the amount of $2,520.10, together with liquidated damages and interest from the date the contributions were due until the date they are paid;

    D.    Defendants submitted untimely reports and payments for covered work performed during the months of July 2017 through December 2017, March 2018 through July 2018, and September 2018 through October 2018. As a result, Defendants are liable to the SCFCTF for liquidated damages in the amount of $14,654.66, and interest in the amount of $482.22 from the dates the contributions were owed until the dates they were paid.

25.    As a direct result of Defendants' contractual violations, SCFCTF have suffered and continue to suffer damages for unpaid contributions, liquidated damages, interest, attorneys' fees and costs. The full extent of damages is not fully

known as of the date of the filing of this Complaint and will be established in accordance with proof.

26. By failing to comply with Plaintiffs' demands for audit, and failing to timely report hours worked and pay contributions owed to the SCFCTF, Defendants have violated and continue to violate the MLA and the Trust Agreements.

27. As a result of Defendants' breach, it has been necessary for the Trust Funds to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld to bring this action.

28. Pursuant to the Trust Agreements and Delinquency Procedures, the SCFCTF are entitled to an order compelling Defendants to submit records for audit, the unpaid contributions, interest, liquidated damages, audit fees and reasonable attorneys' fees, costs of this action, and any other such legal or equitable relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

### Violation of ERISA

### (Against All Defendants)

29. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. By failing to accurately report and pay contributions to the SCFCTF in accordance with the Trust Agreements, Defendant Floor Seal has violated Section 515 of ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Trust Funds are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

///

## THIRD CLAIM FOR RELIEF

**Specific Performance to Compel Audit**

**(Against All Defendants)**

31. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. The MLA, Trust Agreements, and Delinquency Procedures provide that SCFCTF may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations. The Trust Agreements provide that the Board of Trustees may audit or cause the audit or inspection of the records of any employer in order to verify employer compliance and determine contributions and other amounts owed. The Board of Trustees has determined that the following records must be made available for inspection, and are necessary for the Trust Funds to determine whether all contributions have been properly reported and paid in accordance with the Master Labor Agreement and Trust Agreements: individual payroll records; certified payroll records; ledgers, time cards; day sheets, payroll checkbooks, payroll hours per employee with year-end totals; check stubs, quarterly payroll tax returns (Federal Form 941; DE9's; DE9c's; State unemployment returns); W2's; check register and/or checkbooks; general ledger; Form 1096's and 1099's; Reports filed with any Trust Funds to which Defendants pays fringe benefit contributions on any of Defendants' employees; Accounts Payable; list of all subcontractors for the audit period; and any books, records, documents necessary to determine whether full payment of all sums required have been made to the funds.

33. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs require that Defendants submit records for an audit from the period of July 1, 2017 through July 31, 2018, in order to ascertain hours worked and

-11-
COMPLAINT

contributions owed for covered work performed pursuant to the terms of the MLA.

34. On September 13, 2018, Defendants produced payroll reports to Alsweet Associates, the Trust Funds' auditor, at their office located in Los Angeles, California. All other requested documents remain outstanding. Despite repeated demands, Defendants have failed and refused to produce the remaining records required for audit.

35. Without access to all of the requested records, Plaintiffs are unable to determine the hours of covered work performed by bargaining unit employees, the contributions owed on their behalf, or whether benefits have been properly paid to Defendants' employees, which may subject Plaintiffs to penalties, suits and damages for failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

36. As a result of Defendants' failure to provide access to its records for audit either electronically or through delivery of the requested records to the Trust Funds' auditors, it has been necessary for the Trust Funds to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

37. In accordance with the terms of the MLA and the Trust Agreements and pursuant to Sections 502(g)(E) and 515 of ERISA [29 U.S.C. §§1132(g)(2)(E) and 1145], Plaintiffs are entitled to and hereby demand that Defendants EZRA ORTEGA, ANNETTE ORTEGA and GENERAL FLOOR make the records available for audit for the period of July 1, 2017 through July 31, 2018.

**WHEREFORE**, Plaintiffs, THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, THE BOARD OF

| | |
|---|---|
| 1 | TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING |
| 2 | VACATION AND HOLIDAY TRUST FUND, THE BOARD OF TRUSTEES |
| 3 | OF THE SOUTHERN CALIFORNIA FLOOR COVERING CONTRACT |
| 4 | ADMINISTRATION TRUST FUND, AND THE BOARD OF TRUSTEES OF |
| 5 | THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT |
| 6 | COOPERATION FUND; and RESILIENT FLOOR AND DECORATIVE |
| 7 | COVERING LOCAL UNION NO. 1247, pray for Judgment against Defendants, |
| 8 | EZRA SAMPSON ORTEGA, aka EZRA S. ORTEGA, aka EZRA ORTEGA |
| 9 | individually and doing business as THE GENERAL FLOOR PREP & |
| 10 | INSTALLATION COMPANY, aka THE GENERAL FLOOR PREP & |
| 11 | INSTALLATION CO., a partnership; ANNETTE ORTEGA, individually and |
| 12 | doing business as THE GENERAL FLOOR PREP & INSTALLATION |
| 13 | COMPANY aka THE GENERAL FLOOR PREP & INSTALLATION CO., a |
| 14 | partnership; THE GENERAL FLOOR PREP & INSTALLATION COMPANY, |
| 15 | aka THE GENERAL FLOOR PREP & INSTALLATION CO., a partnership; |
| 16 | GENERAL PREP AND INSTALLATION, INC., a suspended California |
| 17 | corporation; GENERAL FLOOR PREP AND INSTALLATION, a California |
| 18 | corporation, as follows: |

**<u>ON THE FIRST AND SECOND CLAIMS FOR RELIEF</u>**

**(Against All Defendants)**

1. For unpaid contributions in the amount of $16,457.13 for the months of February, August and November, 2018;

2. For liquidated damages in the amount of $14,654.66 for the months of July through December 2017, March 2018 through July 2018, and September and October 2018;

3. For prejudgment interest at the rate of ten percent (10%) per annum on all unpaid contributions from the dates contributions became due until paid, in a sum according to proof;

-13-
COMPLAINT

## ON THE THIRD CLAIM FOR RELIEF

**(Against All Defendants)**

4. For an Order compelling audit whereby Defendants shall be directed by the Court within a specified time after entry to:

    A. Make all records of Defendants as may be necessary in the opinion of the Plaintiffs' auditor, and any other records or information that the SCFCTF require to examine for the audit period commencing July 1, 2017 through July 31, 2018, or in the alternative deliver such records to the Trust Funds' auditor's offices in Los Angeles, California;

    B. Afford to the Trust Funds both ample time and opportunity to examine all of materials specified above, without harassment, at the Trust Funds' auditor's office Los Angeles, California.

5. That in the event Defendants cannot produce all of the records which the Trust Funds are required to examine, the Court enter an Order Compelling Reconstruction whereby Defendants shall be directed by the Court within a specified time after the entry thereof, to:

    A. Apply to the Federal and State agencies with which Defendants previously filed periodic reports pertaining to employees for copies of Defendants' reports to them for all of the periods for which Defendants cannot produce records; and

    B. Subsequently make available to the Trust Funds all such copies of Defendants' periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

6. For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of July 1, 2017 through July 31, 2018, according to proof;

7. For all fees and costs of audit.

## ON ALL CLAIMS FOR RELIEF

8. For reasonable attorneys' fees incurred in prosecuting this action;

9. For costs of suit; and

10. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: January 29, 2019     Jeffrey L. Cutler
                            Elizabeth Rosenfeld
                            Marie J. Skinner
                            **WOHLNER KAPLON CUTLER**
                            **HALFORD & ROSENFELD**

                            By:   */s/ Elizabeth Rosenfeld*
                                  ELIZABETH ROSENFELD
                            Attorneys for Plaintiffs THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING VACATION AND HOLIDAY TRUST FUND, THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING CONTRACT ADMINISTRATION TRUST FUND, AND THE BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION FUND; and RESILIENT FLOOR AND DECORATIVE COVERING LOCAL UNION NO. 1247