JS-6

FILED
CLERK, U.S. DISTRICT COURT

2/11/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, etc.,<br><br>Plaintiffs,<br><br>v.<br><br>EZRA SAMPSON ORTEGA, aka EZRA S. ORTEGA, aka EZRA ORTEGA individually and doing business as THE GENERAL FLOOR PREP & INSTALLATION COMPANY, aka THE GENERAL FLOOR PREP & INSTALLATION CO., a partnership, etc., et al.,<br><br>Defendants. | CASE NO. 2:19-cv-00668-JAK-AFM<br><br>**JUDGMENT** |

On April 15, 2019, Plaintiffs[1] filed a Motion for Default Judgment (the "Motion") (Dkt. 28)) against Defendants Ezra Sampson Ortega, Annette Ortega; The General Floor Prep and Installation Co.; General Prep and Installation, Inc.; and General Floor Prep and Installation (collectively, "Defendants"). On November 7, 2019, an Order re Plaintiffs' Motion for Default Judgment (the "Order") issued that required Defendants to do all of the following within 14 days of service of the Order:

> Make available to the Plaintiffs all of the books and records of Defendants required to determine the appropriate contributions to the Plaintiffs. This includes, but is not limited to: payroll records, time cards or time books, individual employee compensation records, and payroll journals; cash disbursement records, non-payroll cash disbursements, cash disbursement journals, canceled checks, check stubs, and detailed back-ups for cash disbursements, i.e., payments to sub-contractors; Quarterly State Tax Returns; monthly employer reports to other Trusts; general ledgers; Federal W-2 Forms, 1099 Forms and 1096 Forms; and such other records as may be necessary in the opinion of the Plaintiffs' auditor for the period of July 1, 2017 through July 31, 2018.
> Afford Plaintiffs and their authorized representatives reasonably sufficient time to examine these materials without interference and at

---

[1] "Plaintiffs" refers to the following: The Board of Trustees of the Southern California Floor Covering Pension Trust Fund; The Board of Trustees of the Southern California Floor Covering Health and Welfare Trust Fund; The Board of Trustees of the Southern California Floor Covering Apprenticeship and Training Trust Fund; The Board of Trustees of the Southern California Floor Covering Vacation and Holiday Trust Fund; The Board of Trustees of the Southern California Floor Covering Contract Administration Trust Fund; The Board of Trustees of the Painters and Allied Trades Labor Management Cooperation Fund; and Resilient Floor and Decorative Covering Local Union No. 1247.

such time and at such place as shall be mutually convenient to the authorized representatives of the Plaintiffs.

The Order also provided that, in the event that "Defendants cannot produce all the records that the Plaintiffs require to conduct their examination," then "Defendants shall participate in record reconstruction . . . ." The terms of that portion of the Order are as follows:

> Within 30 days Defendants shall apply to the Federal and State agencies with which Defendants previously filed periodic reports pertaining to employees for copies of such reports filed by them for all the periods for which Defendants cannot produce records to the Plaintiffs; and
>
> Subsequently make available to Plaintiffs all such copies of Defendants' periodic reports to the Federal and State agencies within fourteen (14) days of receipt, under the conditions set forth in 1(B) above.

On January 31, 2020, Plaintiffs filed "Plaintiff's Status Report" (the "Status Report" requesting that the Court enter default judgment. The Status Report states that Defendants have not: (i) complied with the request for audit; (ii) made available to the Plaintiffs all of the books and records of Defendants required to determine the appropriate contributions to the Plaintiffs for the period of July 1, 2017 through July 31, 2018; or (iii) paid the principal sum of $23,029.99, consisting of contributions, liquidated damages and pre-judgment interest for the period of July 2017 through December 2017 and February through November 2018.

Based on a review of the Status Report, sufficient good cause exists for the requested relief. It is hereby ORDERED, ADJUGED AND DECREED as follows:

1. Judgment is entered in favor of Plaintiffs, The Boards of Trustees of the Southern California Floor Covering Pension Trust Fund, Southern California

Floor Covering Health and Welfare Trust Fund, Southern California Floor Covering Apprenticeship and Training Trust Fund, Southern California Floor Covering Vacation and Holiday Trust Fund, Southern California Floor Covering Contract Administration Trust Fund, and The Painters and Allied Trades Labor Management Cooperation Fund, against Defendants Ezra Sampson Ortega, aka Ezra S. Ortega, aka Ezra Ortega and Annette Ortega, each individually and doing business as The General Floor Prep & Installation Company aka The General Floor Prep & Installation Co., a partnership; and The General Floor Prep & Installation Company, aka The General Floor Prep & Installation Co., a partnership, as follows:

    A. For the principal sum of $23,029.99, consisting of contributions, liquidated damages and pre-judgment interest for the period of July 2017 through December 2017 and February through November 2018;

    B. For attorney's fees in the amount of $8,950.00; and

    C. For costs in the sum of $1,067.00.

2. Within thirty (30) days of the issuance of this order, Defendants shall do the following:

    A. Make available to the Plaintiffs all of the books and records of Defendants required to determine the appropriate contributions to the Plaintiffs, including, but not limited to: payroll records, including time cards or time books, individual employee compensation records, and payroll journals; cash disbursement records, including non-payroll cash disbursements, cash disbursement journals, canceled checks, check stubs, and detailed back-ups for cash disbursements (i.e., payments to sub-contractors); Quarterly State Tax Returns; monthly employer reports to other Trusts; general ledgers; Federal W-2 Forms, 1099 Forms and 1096 Forms, and; such other records as may be

necessary in the opinion of the Plaintiffs' auditor for the period of July 1, 2017 through July 31, 2018.

   B. Afford Plaintiffs and their authorized representatives both ample time and opportunity to examine Defendants' materials as specified above without harassment and at such time and at such place as shall be mutually convenient to the authorized representatives of the Plaintiffs.

3. In the event Defendants cannot produce all the records that the Plaintiffs require to conduct their examination, Defendants shall participate in record reconstruction under the following terms and conditions:

   A. Within 30 days Defendants shall apply to the Federal and State agencies with which Defendants previously filed periodic reports pertaining to employees for copies of such reports filed by them for all the periods for which Defendants cannot produce records to the Plaintiffs;

   B. Produce to Plaintiffs all such copies of Defendants' periodic reports to the Federal and State agencies under the conditions set forth in 1(B), above, within fourteen (14) days of receipt.

IT IS SO ORDERED.

Dated: February 11, 2020

John A. Kronstadt
United States District Judge